**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY GOODRUM, | No. 08-56901 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00752-J-JMA |
| v. | |
| JERRY BROWN, Attorney General of the State of California; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Submitted July 13, 2010[**]
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously granted Petitioner's June 7, 2010 request to waive oral argument.

[***]      The Honorable Jack J. Camp, Senior United States District Judge for the Northern District of Georgia, sitting by designation.

Petitioner Tony Goodrum appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner claims that he was denied due process because the trial court failed to instruct the jury on the use of force within a residence, per California Penal Code § 198.5. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Because the California Court of Appeal's decision did not unreasonably apply, nor was it contrary to, the law of the United States Supreme Court, we affirm.

First, Petitioner was not entitled to the instruction. California Penal Code § 198.5 does not apply unless some evidence shows that the victim entered the residence forcibly. *See People v. Brown*, 8 Cal. Rptr. 2d 513, 516 (Cal. Ct. App. 1992). The California Court of Appeal concluded that no record evidence showed that the victim, Dwayne Stamps, forcibly entered Petitioner's home because Petitioner let Stamps in. Petitioner does not challenge the factual basis for the Court of Appeal's ruling, but rather its determination that Stamps's entry was not forcible as a matter of law. We must defer to the Court of Appeal's interpretation of California law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Second, the lack of a § 198.5 instruction did not prevent Petitioner from presenting any of his self-defense theories to the jury. *See Bradley v. Duncan*, 315

F.3d 1091, 1099 (9th Cir. 2002) (*"*[T]he state court's failure to correctly instruct the jury on [a] defense may deprive the defendant of his due process right to present a defense." (citation omitted)).  Petitioner's self-defense theory did not hinge on the mere fact that Stamps was an intruder in his home, but rather Stamps's actual threats and violent conduct; Petitioner argued this theory, albeit unsuccessfully, to the jury in his summation.  Petitioner also presented his defense-of-residence theory to the jury, even without the § 198.5 instruction, by emphasizing the fact that the events took place inside his residence.

The trial court properly instructed the jury on both the general principles of self-defense—including the government's burden to disprove self-defense beyond a reasonable doubt—as well as the presumption of a defendant's innocence.  Indeed, a § 198.5 instruction is redundant where the trial court properly instructs the jury on self-defense.  *See People v. Owen*, 277 Cal. Rptr. 341, 347 (Cal. Ct. App. 1991).  It follows that since there was no instructional error, there was no due process violation.

**AFFIRMED.**